IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>RAUL GONZALEZ RODRIGUEZ &<br>IDALY RIVERA GALIANO<br><br>DEBTOR(S) | CASE No. 14-00709(EAG)<br><br>CHAPTER 7<br>ASSET CASE |

TRUSTEE'S OBJECTION TO PROOFS OF CLAIMS
#7 AND #9
AND NOTICE OF OPPORTUNITY FOR HEARING

COMES NOW, Wigberto Lugo Mender, duly appointed Chapter 7 Trustee in the above captioned case, who respectfully states as follows:

## PROCEDURAL BACKGROUND

1. Debtors filed the instant petition for relief under Chapter 13 of the Bankruptcy Code on February 1, 2014. On December 16, 2014, and at the request of the Debtor, this case was converted to a Chapter 7 proceeding. The undersigned was appointed Successor Chapter 7 Trustee of this estate on April 8, 2015.

2. On July 31, 2014, Department of Treasury (hereinafter "Treasury") filed claim #7 in the total amount of $27,082.46. From this amount $2,358.06 are claimed as secured, $10,328.78 as unsecured priority tax pursuant to 11 USC §507(a)(8) and $14,395.62 as general unsecured claim.

3. The same date, Treasury filed claim #9 in as unsecured priority tax pursuant to 11 USC §507(a)(8) in the amount of $28,931.06 for post-petition claim under Section 1305.

## DISCUSSION AND REQUEST FOR REMEDY

### PROOF OF CLAIM #7

4. In the undersigned trustee's knowledge and based on the records of this case this claim is not entitled to any secured status. The undersigned trustee nor the estate holds any funds that may be encumbered to the Treasury. The balance claimed is not entitled to any secured status.

TRUSTEE'S OBJECTION TO PROOFS OF CLAIM #7 AND #9
RAUL GONZALEZ RODRIGUEZ
CASE #14-00479 (EAG)
PAGE #2

5. Upon the undersigned review of the record of this case pursuant to 30 L.P.R.A §2651, 31L.P.R.A. §5193 and 13 L.P.R.A. §361, the amount of "Treasury" claim be deemed unsecured pursuant to 11 U.S.C. 726.

6. Upon the undersigned review of the record of this case the trustee request that claim #7 be allowed as requested in the amount of $27,082.46, of which $12,686.84 should be considered as unsecured priority tax pursuant to 11 USC § 507(a)(8) and the balance of $14,395.62 considered as general unsecured claim.

## PROOF OF CLAIM #9

7. Together with the proof of claim #9 detailed herein, Treasury has provided a debt certificate to complement their outstanding amount claimed. The debt certificate is a manual typed signed by Lydia E Montes Melendez, which details an entry for "estimated IVU taxes" for 2014.

8. Per our review of the information available in the legal file shows that the balance claimed by Treasury is excessive and not supported by the statement or information available on the records of the instance.

9. From the undersigned review of the documentation and information available, including the schedules filed in this case it is established that debtor ceased operation during December 31, 2007 and serve notice to Municipio de Hormigueros. Later, Debtors notified to Treasury that business was closed. [Refer to docket #131].

10. No income took place after that date to be reported under the IVU concept during the period claimed by Treasury on claim #9.

11. On this principal ground, the Trustee requests that proof of claim #9 be disallowed.

**NOTICE IN COMPLIANCE WITH LBR 3007-1**

**CLAIMANT AND PARTIES IN INTEREST PEASE TAKE NOTICE** that: Within thirty (30) days after service as evidence by the certifications, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve

TRUSTEE'S OBJECTION TO PROOFS OF CLAIM #7 AND #9

RAUL GONZALEZ RODRIGUEZ
CASE #14-00479 (EAG)
PAGE #3

and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion – schedule a hearing.

**This Motion requires a Written Response**. If a claimant contests an objection to claim, it must file with the Clerk a written response to the objection. The response must state with particularity why the proof of claim should be allowed, must contain any documentation in support of the allowance of the proof of claim should be denied. A response to an objection to claim must be served on the objecting party and any other party entitled to receive notice of the response. A claimant who does not file a timely response to a properly served objection to claim is deemed to have agreed that the objection to claim may be granted. If a timely response is not filed, the court may grant the objection to claim without further notice of hearing.

**WHEREFORE**, the undersigned Trustee prays this Honorable Court that unless a written request for hearing on opposition to this objection is filed by claimant, to enter Order allowing claim #7 be allowed in the amount requested of $27,082.46, but considered $12,686.84 as unsecured priority tax pursuant to 11 USC § 507(a)(8) and the balance of $14,395.62 be considered as general unsecured claim; and claim #7 be disallowed in its entirety.

RESPECTFULLY SUBMITTED

In Guaynabo, Puerto Rico, this 21ST day of April of 2020.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: MONSITA LECAROZ ARRIBAS at ustpregion21.hr.ecf@usdoj.gov; CARLOS G BATISTA JIMENEZ on behalf of US FEDERAL FINANCIAL LLC at lcdobatista@frauyasoc.com;

BRISEIDA Y DELGADO MIRANDA on behalf of PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC at delgadomirandalaw@gmail.com; MIGDALIA EFFIE GUASP on behalf of BANCO POPULAR DE PR SPCIAL LOANS at megbky@bppr.com, migdalia.guasp@popular.com; EDUARDO M VERAY on behalf of BANCO POPULAR DE PR SPCIAL LOANS eduardo.veray@popular.com, eduardoveray@gmail.com; and MIRIAM SOCORRO LOZADA RAMIREZ on behalf of Debtors miriamlozada@gmail.com, miriamlozada@gmail.com; miriamlozada60@gmail.com; miriamlozadabest@gmail.com.

**I FURTHER CERTIY THAT:** Copy of the forgoing document has been mailed by first class certified mail to the above listed claimant and parties**: Puerto Rico Treasury Department** at Bankruptcy Section (424-B), PO Box 9024140, San Juan, PR 00902-4140; **PR Department of Treasury** at Bankruptcy Section 235 Ave Arterial Hostos, Suite 1504 San Juan, PR00918-1454; **The P.R. Department of Justice - Federal Litigation Division, Attention: Migda Liz Rodriguez Collazo, Esq.** at P.O. Box 9020192, San Juan, PR 00902-0192; **Raul Gonzalez Rodriguez and Idaly Rivera Galiano (Debtors)** PO Box 1647, Hormigueros, P.R. 00660; **Miriam Lozada Ramirez, Esq., Attorney for Debtors**, at Urb Paseo Los Robles, 3020 Jose Monge, Mayaguez, PR 00682.

/S/ Wigberto Lugo Mender
**WIGBERTO LUGO MENDER**
CHAPTER 7 TRUSTEE
100 Carr. 165 Suite 501
Guaynabo, PR 00968-8052
Tel. (787) 707-0404
Fax (787) 707-0412
trustee@lugomender.com